1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN EARL JONES,

11                    Petitioner,                 No. 2:11-cv-1659 MCE EFB P

12          vs.

13   RALPH M. DIAZ,[1]

14                    Respondent.                 FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  Presently before the court is respondent's motion to dismiss the petition on

18   the grounds that it is untimely and contains one unexhausted claim.  For the reasons explained

19   below, the undersigned recommends respondent's motion be granted.

20   **I.      Procedural History**

21          Petitioner was convicted of continuous sexual abuse of a child under the age of 14 and

22   sentenced to 16 years in prison.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg.

23   _____

24          [1] Ken Clark was previously named as the respondent.  Ralph M. Diaz is the warden of the
     California Substance Abuse Treatment Facility, where petitioner is confined.  "A petitioner for
     habeas corpus relief must name the state officer having custody of him or her as the respondent
25   to the petition."  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing
     Rule 2(a), 28 U.S.C. foll. § 2254).  Accordingly, the court now substitutes in Ralph M. Diaz as
26   the respondent.

                                                   1

Doc.") 1.  He appealed and the California Court of Appeal, Third Appellate District, affirmed the conviction.  Lodg. Doc. 2.  The California Supreme Court denied his request for review on April 1, 2009.  Lodg. Docs. 3-4.

On January 24, 2010, petitioner filed a state habeas petition in the El Dorado County Superior Court challenging his conviction.  Lodg. Doc. 5.  That petition was denied on February 16, 2010.  Lodg. Doc. 6.  On March 18, 2010, petitioner filed a second state habeas petition in the California Court of Appeal, Third Appellate District, which was denied on April 1, 2010.  Lodg. Doc. 7-8.  Petitioner's third state habeas petition was filed in the California Supreme Court on October 31, 2010.  Lodg. Doc. 9.  That petition was summarily denied on May 18, 2011.  Lodg. Doc. 10.

## II      Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

### A.      Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-conviction application the period is tolled and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a

1  higher court if the second petition was filed within a "reasonable time" after the denial of the

2  first.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  An unjustified delay of six months, or 180

3  days, is presumptively unreasonable.  *Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Waldrip v.*

4  *Hall*, 548 F.3d 729, 731 (9th Cir. 2008).

5      **B.    Equitable Tolling**

6          The limitations period may also be equitably tolled where a habeas petitioner establishes

7  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

8  circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of this

9  pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

10  tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that

11  despite diligently pursuing his rights, some external force *caused* the untimeliness.  *Waldron-*

12  *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Petitioner has the burden of showing

13  facts entitling him to statutory and equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th

14  Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

15  **III.    Analysis**

16          In this case, the statute of limitations began to run when petitioner's conviction became

17  final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied

18  review on April 1, 2009.  Lodg. Doc. 4.  The conviction became "final" within the meaning of

19  section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

20  days later, on June 30, 2009.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th

21  Cir. 1999).  The one-year limitations period commenced running the following day.  *Patterson v.*

22  *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until June 30, 2010 to file

23  ////

24  ////

25  ////

26  ////

1   his federal habeas petition.  The instant petition was filed on June 2, 2011.[2]  Absent tolling, the

2   petition is nearly one year late.

3           Respondent concedes that petitioner's first two state habeas petitions were properly filed

4   and that petitioner is therefore entitled to tolling from the date the first petition was filed, January

5   24, 2010, to the date the second petition was denied, April 1, 2010.  Dckt. No. 14 at 4.[3]

6   Respondent argues, however, that the petitioner is not entitled to interval tolling between the

7   denial of the second state petition and the filing of his habeas petition in the California Supreme

8   Court because the latter petition was not "properly filed."  *Id*.  Respondent contends that the

9   third state petition was untimely, and therefore not properly filed, because petitioner delayed

10   filing the third petition until 213 days after the denial of his second petition.

11           As mentioned above, an unjustified delay of 180 days is presumptively unreasonable and

12   deprives a petitioner of statutory tolling.  *Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Waldrip v.*

13   *Hall*, 548 F.3d 729, 731 (9th Cir. 2008).  Since there was a 213-day delay in filing his petition in

14   the California Supreme Court, petitioner is entitled to statutory tolling only if he can adequately

15   explain and justify the significant delay.  *King v. Lamarque*, 455 F.3d 1040, 1043 (9th Cir. 2006)

16   (California courts require habeas petitioners to "explain and justify any significant delay in

17   seeking habeas relief.").

18           In his opposition, petitioner argues that the delay was reasonable because he was not

19   aware that the Court of Appeal denied his habeas petition until September 26, 2010.  Dckt. No.

20   16 at 3-5.  According to petitioner, he received a letter from the California Court of Appeal

21   postmarked April 1, 2010.  *Id*. at 3.  Petitioner claims that the letter "was folded outward so that

22   

23           [2]  The court deems the filing date for each of petitioner's habeas petitions to be the date
    reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S.
24   266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to
    prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)
25   (applying mailbox rule to petitions filed in state court).

26           [3]  The page numbers cited herein refer to those assigned by the court's electronic
    docketing system and not those assigned by the parties.

the petitioner's name and address appeared in a windowed envelope." *Id*. Petitioner read the letter and put it away. *Id*. He contends, however, that it was not until September 26, 2010, while sorting old mail, that he discovered "that the Court of Appeal['s] DENIAL was photocopied on the reverse side of" the April 1, 2010 letter. *Id*. Petitioner claims that as soon as he learned that the California Court of Appeal denied his petition he acted diligently to file a habeas petition with the California Supreme Court. *Id* at 4.

Petitioner has simply established that he was negligent in reviewing his mail. He concedes that the California Court of Appeal promptly notified him of the denial of the petition filed in that court, but that he simply failed to completely read the notice sent to him. Had he taken the time to thoroughly read his mail, petitioner could have easily filed a timely petition in the California Supreme Court. Petitioner's negligence is not a sufficient justification to excuse the lengthy delay in filing his habeas petition in the California Supreme Court. *Cf. Waldrip*, 548 F.3d at 736-37 (finding that an attorney's negligence was not a sufficient explanation to excuse an eight-month delay). Accordingly, the petition filed in the California Supreme Court was not filed within a reasonable time and thus not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

Petitioner's negligence in reading his mail also fails to provide a legitimate ground for equitable tolling. "[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). However, for equitable tolling to apply, "an external force must cause the untimeliness, rather than . . . mere[] 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling. *Waldron-Ramsey*, 556 F.3d at 1011 (*quoting Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Petitioner's failure to fully read the letter from the

////

////

California Court of Appeal amounts to mere negligence.[4]  Accordingly, petitioner is not entitled to equitable tolling.

Based on the foregoing, petitioner is only entitled to 68 days of statutory tolling for the time his first and second state habeas petitions were pending.  Thus, petitioner was required to file his federal habeas petition by September 6, 2010.  He did not file the instant petition until June 2, 2011.  Accordingly, petitioner's federal habeas petition is untimely.[5]

**IV.   Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.  Respondent's September 22, 2011 motion to dismiss, Dckt. No. 14, be granted; and

2.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the

---

[4]  Petitioner filed an unauthorized surreply in which he argues that he was not negligent in failing to read the back of the April 1, 2010 letter.  Dckt. No. 20 at 3-4.  Rather, petitioner contends that it was negligent for the California Court of Appeal to issue its denial on the back side of a piece of paper.  *Id*.  This argument lacks merit.  Given that petitioner was aware that he had an action pending before the Court of Appeal, the undersigned finds that it was petitioner's responsibility to completely and thoroughly read any correspondence sent to him from the Court of Appeal.

[5]  Respondent also argues that the petition should be dismissed because it contains a single unexhausted claim.  Petitioner concedes that the petition contains an unexhausted claim, and he requests that the unexhausted claim be stricken.  Dckt. No. 19 at 5-6.  Since the undersigned finds that the petition must be dismissed as untimely, the court declines to address the exhaustion argument.

event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Dated:  July 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE